IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT HOME PRODUCTS, LLC,<br><br>Defendant. | Case No. 2:19-cv-02993-SAL<br><br>**ORDER AND PERMANENT INJUNCTION** |

## **FINAL APPROVAL ORDER AND PERMANENT INJUNCTION**

On March 1, 2021, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); and (b) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

The Court has personal jurisdiction over all Settlement Class Members, and the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1

Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Independent Home Products in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and IHP's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments and injunctive relief.

Notice was provided to Class Members in compliance with Section VI of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

An award of $1,289,166.67 for Fees, Costs, and Expenses to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class.

A Service Payment to Plaintiff of $10,000.00 is fair and reasonable in light of: (a) Plaintiff's risks in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

The Parties are hereby directed to take all actions required under the terms and provisions of the Settlement Agreement.

**Class Members.** The Settlement Class is certified as a class of all users and subscribers of the cellular telephone numbers and South Carolina area code telephone numbers identified in the Call Log as receiving an IHP Call from IHP's dialing system from October 22, 2015 through August 14, 2020.

The following persons and entities are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) IHP, as well as any parent, subsidiary, affiliate or control person of IHP, and the officers, directors, agents, servants or employees of IHP; (3) any of the Released

Parties; (4) the immediate family of any such person(s); (5) any member of the Settlement Class who has timely opted out of the Settlement; and (6) Class Counsel and their employees.

**Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 13 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid requests for exclusion. Attached to Exhibit 2 of the Plaintiff's Motion for Final Approval of a Class Action Settlement is a list of persons who properly requested to be excluded from the settlement.

**Release**. Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged IHP from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

**Class Relief**. IHP is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

**Miscellaneous.** No person or entity shall have any claim against IHP, IHP's Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

**Court's Jurisdiction**.  The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement; (ii) issues relating to settlement administration; and (iii) enforcement of this Judgment, the Final Approval Order, and any order relating to attorneys' fees or class representative award.

**Permanent Injunction**. From the date this Order is signed, (1) IHP will not make unsolicited telemarketing calls to telephone numbers that IHP determines to be cellular telephone numbers using Spitfire; (2) so long as IHP does not maintain a physical presence in South Carolina, IHP will not display a telephone number with a South Carolina area code as its caller ID when calling South Carolina area code telephone numbers; and (3) IHP will identify its phone number and physical address during any telemarketing calls to South Carolina area code telephone numbers.

**Final Judgment**. This Action (including all individual claims and Settlement Class Member claims asserted therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Judgment.

IT IS SO ORDERED.

March 2, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge